NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GALINDO CASAS-AGUIRRE, AKA Galdino Casas-Aguirre, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-71129 <br><br> Agency No. A095-741-381 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2023[**]
Pasadena, California

Before: WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Galindo Casas-Aguirre, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals affirming the decision of an immigration judge denying his application for withholding of removal. We deny the petition.

Substantial evidence supports the agency's conclusion that Casas-Aguirre has not established a clear probability of future persecution. Casas-Aguirre's aunt previously informed the Mexican police that the Zetas had kidnapped Casas-Aguirre's cousin, which resulted in a confrontation between the police and the Zetas. The Zetas then issued a threat to the same cousin, telling him that he should not return to Jerez, where Casas-Aguirre's family is from. Casas-Aguirre fears that because of his family affiliation he will be targeted by the Zetas for retaliation if he returns to Mexico. But his similarly situated family members who live in and visit Jerez have not been harmed by the Zetas. The record therefore does not compel the conclusion that Casas-Aguirre faces a clear probability of future persecution. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2014). Likewise, the evidence submitted by Casas-Aguirre of generalized violence in Mexico does not show that he would be singled out for persecution if he returns. *See Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**